AYRES, Judge.
The object of this suit is the judicial determination of the title to 336 cross ties and 15,000 board feet of pine lumber of various lengths and widths seized under a writ of fieri facias issued out of the suit in which plaintiff had obtained a judgment against defendant. The contest is between plaintiff and William M. Hull, who appeared by third opposition, claiming ownership of said property by purchase from John McW. Ford on April 5, 1954, of the standing timber from which it was manufactured, following which he employed and paid defendant, Sam Johnson, the operator of a small sawmill, to manufacture and produce from said timber the property, the title to which is herein involved.
Plaintiff’s defense to this opposition is two-fold, first, that the purchase of the timber by third opponent from John McW. Ford was not established by admissible evidence, and, second, that the property claimed was not manufactured from the timber purchased by third opponent from Ford.
From a judgment, recognizing and decreeing third opponent the owner of said property and making final and perpetuating an injunction prohibiting the sale thereof for the purpose of satisfying defendant’s indebtedness to plaintiff, plaintiff appealed.
Plaintiff’s chief complaint is that the trial court erred in admitting a written document from John McW. Ford acknowledging receipt by him from William M. Hull of the sum of $270, specified therein as the purchase price of the timber on a tract of land from which the timber was cut and afterwards manufactured into ties and lumber, as well as in permitting the introduction of parol evidence showing Hull’s purchase of said timber. If this suit were a contest over the title to standing timber, plaintiff’s contention would be well founded, but there is no issue involving standing timber. Plaintiff did not cause to be made any seizure of standing timber. As observed by the trial court:
“Had Mr. Bruce made a seizure against Mr. Ford, and had seized this timber while it was standing, and had Mr. Hull intervened, claiming the ownership of the standing timber by virtue of the receipt which Mr. Ford had given him, the objections now made would be well founded. But since there *111 is no contest over standing timbar-which has been cut, removed and manufactured, and no one’s rights ar'e based on the public records, the law cited by-Mr. Bruce has no application to the facts in this case.”
The only persons concerned with the sale of the timber as an immovable are John McW. Ford and third opponent Hull. Both-testified under oath that the timber was sold by the former to the latter and that a written receipt was given acknowledging the receipt of the purchase price therefor. Inasmuch as to the standing timber, these two parties are the only ones interested or concerned with such sale, the evidence offered was clearly admissible as between them as evidence of Hull’s purchase under LSA-C.C. art. 2275, which provides:
“Every transfer of immovable property must be in writing; but if a verbal- sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when in-, terrogated on oath, provided actual delivery has been made of the immovable property thus sold.”
Plaintiff was never -concerned with the timber from which the property seized was manufactured. His seizure was made after the timber was severed and manufactured into the finished products. Such property was then a movable, the title to which con-cededly may be established by parol testimony. The observations made and the conclusions. reached by the trial judge that
“The evidence shows that W. M. Hull purchased from John McW. Ford, all timber on an 80 acre tract of land, consisting of 90% of pine and balance hardwood; that Mr. Hull employed Sam Johnson to cut and remove said timber and manufacture same into lumber and cross ties; that Sam Johnson during the time was not cutting timber from any' other source; that after he had manufactured all of the timber belonging to Mr. Hull, he notified Mr. Hull and inquired of him what disposition he desired ' of • the manufactured article, whereupon Mr.- Hull directed that the lumber be stacked on the yard to' dry and thé cross ties were marked and stacked. (There was no market, it appears, at the time for cross ties.) Subsequently plaintiff made the seizure herein complained of.”
“No evidence was introduced by defendant (plaintiff) to disprove the testimony, of the intervenor and.Sam Johnson as detailed above. However, plain.tiff called Mr. Ford as a witness who corroborated intervenor (third opponent), and testified that 90%. of his timber was pine and the . balance hardwood. Mr. Bruce took the stand later and said that Mr. Ford had told him that he did not have any oak timber on his property; * * * Mr. Bruce said that he did not see any marks on the cross ties, but -the deputy who seized the property was not called to testify that the ties were not marked. The presumption is that he would not so testify,”
find ample support in the record, from which record it is established by a preponderance of the evidence that third opponent was the owner of the timber from which the ties and lumber were manufactured, from which it logically follows that such products are also owned by him, since at his expense he procured their manufacture.
The judgment appealed is ip our opinion correct and is accordingly affirmed at appellant’s cost.
- Affirmed. ■